## VAIL, Respondent, v. RUMSEY & SIKEMEIER COMPANY, Appellants.

St. Louis Court of Appeals, April 20, 1909.

1. **JUSTICES OF THE PEACE: Statement.** A statement of a cause of action filed before a justice of the peace, which gave the defendant all necessary information and would bar another action, is sufficient.

2. **CONTRACTS: Wages: Failure to Perform by Employees.** An employee suing for a sum agreed upon as an increase of his salary, cannot be denied recovery on the ground that he was partially delinquent in his work, where he was retained in the service, there being no counterclaim filed for such delinquencies.

3. ——: ——: **Vacation.** In a suit for salary due plaintiff from defendant, the latter was not entitled to a deduction for the time plaintiff was away on a vacation, when it was shown defendant had been in the habit of paying plaintiff his salary during vacation periods.

Appeal from St. Louis City Circuit Court.—*Hon. Virgil Rule*, Judge.

AFFIRMED.

*Earl M. Pirkey* for appellant.

In a cause originating in a justice court unless an instrument or statement of account is filed a statement of the facts constituting the cause of action upon which the suit is founded must be filed. R. S. 1899, sec. 3852; Brashears v. Strock, 46 Mo. 222; St. Louis v. Babcock,

156 Mo. 153. When a party sues on a contract a substantial compliance with the terms of the contract must be proven to entitle him to recover. Marsh v. Richards, 29 Mo. 99; Meyer v. Christopher, 176 Mo. 594. Where a party relies on a contract he must in a cause originating in justice of the peace court plead and prove performance of the contract. Billups v. Daggs, 38 Mo. App. 369. Where a party contracts to work for another until a particular service is accomplished, said party cannot recover anything when he wilfully and without cause abandoned the work before the performance of the particular service. Blanten v. King, 73 Mo. App. 150; Stroeh v. McClintock, 107 S. W. 416; Gruetzner v. Aude Fur. Co., 28 Mo. App. 263; Earp v. Tyler, 73 Mo. 617.

*Jos. T. Davis* for respondent.

Any statement of the cause of action sufficient to bar another suit and to apprise the defendant of the nature of the claim is sufficient before a justice of the peace. Muckel v. Rose, 15 Mo. App. 393; Lewis v. Baker, 24 Mo. App. 685; Kansas City v. Johnson, 78 Mo. 665. Where an appeal is without merit, the appellate court may award damages to respondent. R. S. 1899, sec. 867.

GOODE, J.—This is an action for arrearage of wages instituted before a justice of the peace, tried there and then in the circuit court on appeal resulting in judgments for plaintiff in both courts. As the statement filed in the justice's court is challenged for insufficiency, we will copy it with the remark that, in our opinion, it is good. It gives defendant all necessary information and would bar another action. Omitting caption it is as follows:

"For wages still due to plaintiff from the defendant for the months of Oct. Nov. and Dec. of 1906, Jan. Febry. Mar. Apr. May, June and half of July, 1907, at $20 per month, increase as per agreement be-

Vail v. Rumsey & Sikemeier Co.

tween the plaintiff and defendant about June, 1905. The total sum due plaintiff is $190, for which amount he asks judgment with interest and costs."

Plaintiff had been in defendant's service for years as manager of the electrical department of defendant's business, but in June, 1905, was thinking of seeking other employment. To prevent him from doing this defendant promised to advance his wages if he would remain with it. He had been receiving thirty dollars a week and the proposition was to pay him an increase which would amount to twenty dollars a month. Previously the mode of payment was by the week, and so the original salary continued to be paid, but the increase was paid at the end of the month. In April, 1907, the increase was paid to September, 1906. Plaintiff quit the employment in the middle of July, 1907, at which time defendant owed him the increase for the period mentioned in the statement, or nine and one-half months, the original wages having been paid to that date. No counterclaim or recoupment was filed, but defendant endeavored during the trial to prove one part of plaintiff's duty was to prepare a catalogue and that he had failed to do it. The court excluded this evidence and error is assigned for the ruling. As plaintiff was retained in the service, he could no more be denied the agreed increase of salary because of a partial delinquency in his work, than of the original salary which defendant paid. Perchance a recoupment or counterclaim might have been allowed had one been presented.

Another point raised is that defendant was away on a vacation for a week during the period embraced in the statement and, therefore, cannot recover salary for the time he was idle. Defendant had been in the habit of paying plaintiff's salary during vacation periods and in fact paid the original salary during the period in question; thus showing it did not intend to deduct for that time. Really no defense was shown to this claim and the judgment will be affirmed. All concur.